R. Scott Weide (NV Bar No. 5541)
F. Christopher Austin (NV Bar No. 6559)
WEIDE & MILLER, LTD.
Bank of Nevada Building
5th Floor, Suite 530
7251 West Lake Mead Blvd.
Las Vegas, NV 89128
Phone: (702) 382-4804
Facsimile: (702) 382-4805
Email: sweide@weidemiller.com
Email: caustin@weidemiller.com

Frederick S. Berretta (*pro hac vice*)
KNOBBE, MARTENS, OLSON & BEAR, LLP
12790 El Camino Real
San Diego, CA 92130
Phone: (858) 707-4000
Facsimile: (858) 707-4001
Email: fred.berretta@knobbe.com

Marko R. Zoretic (*pro hac vice*)
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main St., 14th Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502
Email: marko.zoretic@knobbe.com

Ioanna (Yanna) S. Bouris (*pro hac vice*)
KNOBBE, MARTENS, OLSON & BEAR, LLP
10100 Santa Monica Blvd., Suite 1600
Los Angeles, CA 90067
Phone: (310) 551-3450
Facsimile: (310) 551-3458
Email: yanna.bouris@knobbe.com

Attorneys for Plaintiff
SILVER STATE INTELLECTUAL TECHNOLOGIES, INC.


John P. Desmond (NV Bar No. 5618)
GORDON SILVER
100 West Liberty Street, Ste 940
Reno, NV 89501
Phone: (775) 343-7500
Facsimile: (775) 786-0131
Email: jdesmond@gordonsilver.com

Darin W. Snyder *(pro hac vice)*
Luann L. Simmons *(pro hac vice)*
David S. Almeling *(pro hac vice)*
Mark Liang *(pro hac vice)*
O'MELVENY & MEYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111

Phone: (415) 984-8700
Facsimile: (415) 984-8701
Email:
    dsnyder@omm.com
    lsimmons@omm.com
    dalmeling@omm.com
    mliang@omm.com

Mishima Alam *(pro hac vice)*
O'MELVENY & MEYERS LLP
1625 Eye Street, NW
Washington, DC 2006
Phone: (202) 383-5300
Facsimile: (202) 383-5414
Email: malam@omm.com

Attorneys for Defendants
GOOGLE INC., MOTOROLA
MOBILITY LLC, and WAZE, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| SILVER STATE INTELLECTUAL TECHNOLOGIES, INC., a Nevada corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>GOOGLE INC., a Delaware corporation, MOTOROLA MOBILITY LLC, a Delaware limited liability company, and WAZE, INC., a Delaware corporation,<br><br>        Defendants. | Case No. 2:14-cv-00662-RCJ-VCF<br><br>**JOINT MOTION FOR THE COURT'S CONSIDERATION OF WHETHER RECUSAL IS APPROPRIATE** |

Plaintiff Silver State Intellectual Technologies, Inc. ("Silver State") together with Defendants Google Inc., Motorola Mobility LLC, and Waze, Inc., (collectively, "Defendants"), by and through their undersigned counsel, hereby jointly move the Court to consider whether recusal is appropriate.

## I. Introduction

After filing, this patent case was reassigned to Judge Robert C. Jones under the District of Nevada's Patent Pilot Program for all further proceedings. Lead counsel for plaintiff Silver State is the firm of Knobbe, Martens, Olson & Bear, LLP (the "Knobbe" firm). Judge Jones's brother-in-law, William B. Bunker, is a senior partner with the Knobbe firm. Also, Judge Jones's nephew (William Bunker's son), Jared C. Bunker, is a partner with the Knobbe firm.

In light of these familial relationships, and given the early stage of this suit, the Parties respectfully submit that it may be prudent for Judge Jones to recuse himself from this case pursuant to 28 U.S.C. § 455. In a nearly identical situation last year, involving plaintiff Silver State and defendant Foursquare Labs, Inc., Judge Jones was assigned to that case under the Patent Pilot Program and recused himself based on the above-identified relationships. *See* Order of Recusal [Doc. 36], March 12, 2013, Case No. 2:12-cv-01308-GMN-PAL.

## II. Legal Standards

A judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal is appropriate when circumstances that either appear to create or actually create a conflict of interest exist. 28 U.S.C. § 455(a)-(b); *see also Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991). Section 455(b) lists several examples where the appearance of impartiality would reasonably be questioned to warrant recusal. 28 U.S.C. § 455(b)(1)-(5); *see also Preston*, 923 F.2d at 734 ("Section 455(b) . . . describes situations that create an *apparent* conflict, because it provides examples of situations in which a judge's 'impartiality might reasonably be questioned' pursuant to section 455(a).") (citation omitted) (alteration in original). In particular, subsection (b)(5) states that a judge shall recuse himself if "[h]e or his spouse, or a person within the third degree of relationship to either of them . . . (ii) [i]s acting as a lawyer in the proceeding; [or] (iii) [i]s known by the judge to have an interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(5).

///

*1*    The appearance of impartiality for purposes of recusal under § 455 is judged with an *2* objective standard. *Preston*, 923 F.2d at 734. This standard involves "ascertaining 'whether *3* a reasonable person with knowledge of all the facts would conclude that the judge's *4* impartiality might reasonably be questioned.'" *Id.* (quoting *United States v. Nelson*, 718 F.2d *5* 315, 321 (9th Cir.1983)). This objective standard applies to both § 455(a) and (b). *See* *6* *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980) ("[W]e think the test under *7* either subsection (a) or (b) is the same, namely, whether or not given all the facts of the case *8* there are reasonable grounds for finding that the judge could not try the case fairly, either *9* because of the appearance or the fact of bias or prejudice.").

*10*    **III.    Discussion**

*11*    Judge Jones and William Bunker are brothers-in-law, and brothers-in-law are *12* considered to be within the third degree of relationship under 28 U.S.C. § 455(b)(5). *See* *13* *Mangini v. United States*, 314 F.3d 1158, 1160 (9th Cir. 2003). The Knobbe firm website *14* lists William Bunker as a partner and patent attorney. Furthermore, Judge Jones's nephew *15* (William Bunker's son) is a litigation partner with the Knobbe firm. *See* William Bunker and *16* Jered Bunker attorney bios, available at: http://knobbe.com/attorneys/bill-bunker, *17* http://knobbe.com/attorneys/jared-bunker. Although neither of the Bunkers is currently listed *18* as one of the attorneys directly involved in this case, close familial relationships, one of *19* which is within the third degree of relationship, between Judge Jones and two partners at the *20* firm of Plaintiff's lead counsel may reasonably call the appearance of impartiality into *21* question. *See Mangini*, 314 F.3d at 1160. Furthermore, even assuming that all appropriate *22* steps are taken to avoid the involvement of William or Jared Bunker in this case, there is an *23* additional risk in hearing this case in which the judge's close relatives' interests, either *24* economic or noneconomic, such as reputation, could be substantially affected by the outcome *25* of the case. *See, e.g.*, *Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1113-14 (5th Cir. *26* 1980).

*27*    Potential problems or questions as to the appearance of impartiality can be harmlessly *28* avoided by recusal or reassignment, especially at this early stage of the case. Plaintiff Silver

State has only recently filed an Amended Complaint in this matter, and the Defendants' responses are not due until October 22, 2014.  *See* Stipulation and Order Extending Time [Doc. 22], September 5, 2014.  Thus, there has been no substantive activity in the case up to this point.

### IV.    Conclusion

For the foregoing reasons, the Parties respectfully and jointly request the Court to consider whether recusal is appropriate.

IT IS SO ORDERED this 6th day of October, 2014.

_____
ROBERT C. JONES

]